UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Petitioner,                        Case No. 18-cv-12591

v.                                       HON. AVERN COHN

HEARINGS DIVISION/
PAROLE BOARD (MDOC),

        Respondent.
_____/

# MEMORANDUM AND ORDER DISMISSING THE PETITION

## I. Introduction

This is a pro se habeas case under 28 U.S.C. § 2254. State prisoner Jammie Collier ("Petitioner") challenges the Michigan Parole Board's decision to revoke his parole. For the reasons that follow, the petition will be dismissed for failure to exhaust state court remedies.

## II. Background

In 2012 or 2013, Petitioner pleaded guilty to third-degree fleeing and eluding a police officer, M.C.L. § 750.479a(3), and unlawfully driving away an automobile, M.C.L. § 750.413. He was sentenced in 2013 and eventually released on parole. In 2016, he was charged with violating the conditions of parole by possessing a firearm. Following a hearing in 2017, the Michigan Parole Board issued a decision finding that Petitioner was guilty of possessing a firearm, revoked his parole, and sent him back to prison for sixty months.

Thereafter, on November 20, 2017, Petitioner filed a mandamus petition in Ingham County Circuit Court challenging the Parole Board's decision. On March 15, 2018, the circuit court dismissed the mandamus petition as untimely under the Michigan Administrative Procedures Act.

On April 2, 2018, Petitioner filed a state habeas petition in Saginaw County Circuit Court again challenging the Parole Board's decision. On August 1, 2018, the circuit court denied the petition on the merits. Petitioner did not appeal this decision. Instead, he filed the instant action on August 20, 2018. Petitioner asserts that: (1) he was denied due process of law and his constitutional right of confrontation when three adverse witnesses failed to appear at his parole revocation hearing and the Parole Board based its decision on hearsay from two police officers; and (2) the Parole Board's untimely delivery of its decision violated his rights under state law and under the United States Constitution.

### III. Discussion

A preliminary question is whether Petitioner exhausted state remedies for his claims. The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847. Thus, to properly exhaust

state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising his claims in federal court. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal district court ordinarily must dismiss a habeas petition containing any claims that were not exhausted in state court. See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

In Michigan, a state prisoner may seek review of a parole revocation decision by filing a state complaint for the writ of habeas corpus. Triplett v. Deputy Warden, 142 Mich. App. 774, 779 (1985) (citing In re Casella, 313 Mich. 393 (1946)). A circuit court's order denying a complaint for writ of habeas corpus is not appealable as of right, but a prisoner may renew his or her claims by filing an original complaint in the Michigan Court of Appeals. Id. at 780 (citing Parshay v. Warden of Marquette Prison, 30 Mich. App. 556, 558 (1971)). A prisoner who is unsuccessful in the Michigan Court of Appeals may apply for leave to appeal in the Michigan Supreme Court. See M. Ct. R. 7.303(B)(1).

As noted above, Petitioner filed a state habeas petition in Saginaw County Circuit Court but did not seek review in the Michigan Court of Appeals. Because Petitioner has an available state remedy to exhaust and has failed to exhaust that remedy, the petition must be dismissed.

## IV.  Conclusion

For the reason stated above, the petition is DISMISSED WITHOUT PREJUDICE. Petitioner's request for appointment of counsel is DENIED as moot.

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

SO ORDERED.

<pre>
                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE
</pre>

Dated: 10/24/2018
       Detroit, Michigan